**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 22, 2026.**

**AUBREY L. THOMAS**
**UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**KONA COAST VENTURE, LTD,** | §<br>§<br>§<br>§<br>§ | **LEAD CASE NO. 26-51866-ALT** |
| **IN RE:**<br><br>**HIDEOUT ON THE HORSESHOE, LLC**<br><br>**DEBTORS.**[1] | §<br>§<br>§<br>§<br>§<br>§ | **SECOND CASE NO. 26-51900-ALT**<br><br>**CHAPTER 11**<br><br>**(Jointly Administered Under 26-51866-ALT)** |

**SECOND AMENDED AGREED ORDER**
**AUTHORIZING THE DEBTOR TO PAY WAGES AND**
**BENEFITS TO ITS PERSONNEL AND TO SATISFY RELATED OBLIGATIONS**

Upon consideration of the Debtors*’ Emergency Motion for an Order Authorizing the* Debtors *to Pay Wages and Benefits to* Their *Personnel and to Satisfy Related Obligations* (the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor’s federal tax identification number, are: Kona Coast Venture, Ltd. (2553); Hideout on the Horseshoe, LLC (4170).



HB: 4932-9612-1790.1

"**Wage Motion**")[2]; filed by Kona Coast Venture, Ltd. ("Kona") and Hideout on the Horseshoe, LLC ("Hideout," and together with Kona, the "Debtors"); and agreed upon by the U.S. Trustee; and the Court having conducted a hearing on the Wage Motion on Friday, July 17, 2026; and the Court having found that (i) it has jurisdiction over the matters raised in the Wage Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; (v) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; (vi) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and (vii) good and sufficient cause exists for granting the relief requested in the Motion pursuant to 11 U.S.C. §§ 105(a), 363, and 507(a)(4), and Federal Rules of Bankruptcy Procedure 6003 and 6004.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

**A. General Relief.**

1. The Wage Motion is granted on a final basis to the extent provided herein.

2. The Debtors are authorized, but not directed, to pay all prepetition wages, salaries, and compensation obligations owed to their respective employees and independent contractors as of the applicable Petition Date, including all biweekly wages and approved expense reimbursements, provided that no individual payment to an employee exceeds the statutory cap under 11 U.S.C. § 507(a)(4).

[2] Capitalized terms used in this Order shall have the meanings ascribed to them in the Wage Motion.

3. Kona is authorized to pay prepetition wages in the amount of $3,847.50, covering the prepetition period of July 5 through July 6, 2026, as set forth on **Exhibit A** attached hereto.

4. Hideout is authorized to pay prepetition wages in the amount of $4,819.41, covering the prepetition period of July 5 through July 12, 2026, as set forth on **Exhibit B** attached hereto.

**B. Ordinary Course Payments.**

5. The Court confirms that the following regular payments constitute transactions in the ordinary course of the Debtors' respective businesses under section 363(c)(1) of the Bankruptcy Code, which may continue without further Court approval:

**Employee Compensation:**

a. biweekly wages to Kona's full-time salaried employees of approximately $21,067.00 per pay period, and biweekly wages to Kona's part-time hourly employees of approximately $10,221.94 per pay period, as set forth on **Exhibit C** attached hereto; and

b. biweekly wages to Hideout's part-time hourly employees of approximately $9,857.51 per pay period, as set forth on **Exhibit D** attached hereto, including any applicable cleaning commissions.

Expense Reimbursements:

a. monthly reimbursements to Chesley House covering phone ($150.00), health insurance ($548.92), business expenses ($99.00), and mileage at the IRS standard rate as driven;

b. monthly phone reimbursement to Alyssa Machac of $35.00; and

c. semi-annual health insurance reimbursement to Kacy Sproles of $3,896.88, paid in June and December.

**Supplemental Workforce:**



HB: 4932-9612-1790.1

a. monthly payments to Anita Duffin, an independent contractor who provides bookkeeping services to the Debtors in the ordinary course of business, of approximately $1,750 per month by Kona and $400 per month by Hideout;

b. weekly payments to Theresa Keltner (independent contractor) of approximately $1,000 per week by Hideout, and weekly payments to Eleuteria Bravo Rivera (independent contractor) of approximately $1,250 per week by Hideout; and

**Other Ordinary Course Obligations:**

a. all payroll taxes, withholdings, and deductions required by law;

b. business expense reimbursements at IRS standard rates; and

c. all other ordinary course compensation obligations as described in the Wage Motion.

**C. Payroll Practices and Banking.**

6. The Debtors are authorized to continue all payroll practices and procedures in accordance with their respective prepetition practices, including:

a. processing and remitting payroll tax withholdings and deductions to the appropriate taxing authorities; and

b. processing business expense reimbursements in the ordinary course.

c. maintaining payroll records and documentation in accordance with applicable law; and

7. All banks and financial institutions upon which checks or other payment orders are drawn in payment of the obligations authorized herein are authorized and directed to receive, process, honor, and pay all such checks and payment orders when presented for payment, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

8. The Debtors are authorized to issue new postpetition checks or effect new electronic fund transfers on account of the obligations authorized herein to replace any prepetition checks or electronic fund transfer requests that may be dishonored or rejected.

**D. Limitations and Reservations.**

9. Nothing in this Order shall be construed to:

a. authorize the payment of any amounts in satisfaction of bonus or severance obligations except as specifically authorized herein;

b. authorize any obligations which are subject to section 503(c) of the Bankruptcy Code except as specifically authorized herein;

c. create or perfect any lien or security interest;

d. constitute an admission as to the validity, priority, or amount of any particular claim;

e. constitute a waiver of the Debtors' rights to dispute any particular claim on any grounds;

f. constitute a promise or requirement to pay any particular claim;

g. imply or constitute an admission that any particular claim is of a type specified or defined in this Order;

h. constitute a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or

i. constitute a waiver of any rights under the Bankruptcy Code or any other applicable law.

10. All persons and entities that receive payments pursuant to this Order shall apply such payments only on account of the obligations authorized herein.

11. The Debtors shall maintain records of all payments made pursuant to this Order, including the date, amount, category of payment, and identity of the payee.

**E. Additional Provisions.**

12. The requirements set forth in Bankruptcy Rules 6003 and 6004(a) are satisfied by the contents of the Wage Motion or are otherwise deemed waived.

13. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order

16. Notice of this Order shall be provided to all parties entitled to notice pursuant to Bankruptcy Rule 2002 and the Court's orders in this case.

# # #

*Submitted and Entry Requested By:*

**HUSCH BLACKWELL LLP**
Lynn Hamilton Butler (SBN 03527350)
Email: lynn.butler@huschblackwell.com
Tara T. LeDay (SBN 24106701)
Email: tara.leday@huschblackwell.com
Jennifer Pollan (SBN 24150828)
Email: jennifer.pollan@huschblackwell.com
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Main No. (512) 472-5456
Fax No. (512) 479-1101

**PROPOSED ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, KONA COAST VENTURE, LTD. AND HIDEOUT ON THE HORSESHOE, LLC**

-and-

**KEVIN M. EPSTEIN**
**UNITED STATES TRUSTEE REGION 7**
Southern and Western Districts of Texas
*James W. Rose, Jr. (permission granted to add signature block)*
James W. Rose, Jr. Trial Attorney
Texas Bar No. 17251900
615 E. Houston St., Room 533
San Antonio, TX 78205
(210) 472-4640
(210) 472-4649 Fax
E-mail: james.rose@usdoj.gov